Anderson afterwards joined the enemy, during the Revolutionary War, but knowing that the balance due him was only £ 10, desirous to guard the complainant against the payment of a greater sum, as no credits were endorsed on the bond, and anxious to secure what was due if he survived the perils which surrounded him, or that his wife and children *Page 440 
might receive it if he fell, brought the bond to the complainant and delivered it to him. Anderson was afterwards killed, and the (611) complainant paid the balance to his widow, who was in great distress.
In 1782 administration of Anderson's effects was granted to Robins, the elder, who had married his sister, and who knew all the circumstances relative to the bond and its payment, and who, although he lived many years, commenced no suit against the complainant. Upon his death, administration de bonis non was granted to the defendant, who, upon some imperfect information, instituted the present action, which was decided in the county court in favor of the complainant; but the defendant appealed to the Superior Court. While the suit was depending there, the defendant admitted to the agent of the complainant the payment of the money to Hilsly, but alleged that it was in part of the first payment for the land. This the complainant was able to disprove, but was advised that it was unnecessary to produce the bonds given to Hilsly, or to prove that they were taken up; in consequence of which he did not produce them, having no witness to prove them or that they were taken up. Upon the trial of the suit the complainant proved that the money paid to Hilsly was not in part of the first payment for the land. He also proved the payment to Archer. Nevertheless, a judgment and verdict were rendered against him; the former for the penalty of his bond, which the defendant threatens to enforce. The complainant moved for a new trial, which was denied. He is now ready to produce the receipt given for the first payment, and the bonds to Hilsly. Upon the answer coming in, the injunction was dissolved, when a replication was entered and the bill continued as an original one.
It is admitted by the complainant that his case is one which might have been relieved at law, and the reason given why it was not is that he did not attempt, in a proper manner, to prove a material fact in the trial at law, having been advised by his counsel that such proof was necessary. He now insists that it is in his power to make the necessary proofs, and prays to have an opportunity to do so here. In this point of view the bill is an appeal to this Court for a new trial in equity. If a new trial had been proper, the court of law was entirely competent to grant it. It is a subject of the ordinary jurisdiction of those courts. But the complainant further says that he did move for a new trial and was refused; and this refusal is made *Page 441 
another ground for coming into this Court. In this respect the bill is for relief against the errors of the judgment at law.
If these facts laid any foundation for a suit in equity, there would soon be an end to all proceedings at law. Upon one or other of these points, either to hear errors of the court or retry the facts falsely found by the jury, all causes would end in chancery, and the courts of common law be abolished.
It is unnecessary to say whether the opinion of the Superior Court was right or not, though it may well be doubted whether the mistake of counsel upon a point of law, as stated in the bill, forms a ground for a new trial.Zachary v. Lester, ante, 50. Whether right or wrong, a court of equity is not to hear errors or reverse judgments at law. Ambler v. Wild, 3 Wn. 36, has been cited by the defendant; and it must be admitted that it goes the full length of the present case. But that decision is a solitary one, and I cannot allow to it the authority of overturning a long train of contrary decisions and the oldest and best established maxims of our law.
Courts of law and courts of equity are both eminently useful, and, perhaps, alike indispensable. But they are very differently constituted, proceed by different modes, take cognizance of different subjects, and are intended for different purposes. In their original organization, their jurisdictions are separate, and it appears to me that their utility can only be preserved by keeping them unblended.
I am therefore of opinion that equity ought not, in any instance, to interfere where a competent relief might have been had at law; and, consequently, that
The bill must be dismissed. (613)
The rest of the court concurred.
NOTE. — Brickwell v. Jones, 3 N.C. 357, and the cases referred to in the note to Taylor v. Wood, ibid, 332.
Cited: Peace v. Nailing, 16 N.C. 293; Houston v. Smith, 41 N.C. 267;Champion v. Miller, 55 N.C. 196; Burgess v. Lovingood, ib., 460; Stocktonv. Briggs, 58 N.C. 314. *Page 442